UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Citizens Financial Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Appraisal and Title Company of Ohio Inc.,<br><br>Defendant. | [redacted]A 05 057 S<br><br>Civil Action No. ___________ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to 28 U.S.C. § 2201(a), Plaintiff Citizens Financial Group, Inc. ("CFG") brings this declaratory judgment action against Nationwide Appraisal and Title Company of Ohio Inc. ("Nationwide") seeking a binding declaration that CFG has not breached the Fee and Volume Agreement between CFG and Nationwide, dated November 5, 2004.

**PARTIES**

1. Plaintiff Citizens Financial Group, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 1 Citizens Plaza, Providence, Rhode Island, 02903 in Providence County.

2. Defendant Nationwide Appraisal and Title Company of Ohio is a corporation organized under the laws of Ohio with its principal place of business in Cleveland, Ohio.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a). Complete diversity exists between the parties because CFG is a Delaware corporation

with a principal place of business in Rhode Island, and Nationwide is an Ohio corporation with a principal place of business in Ohio. The amount in controversy exceeds the sum or value of $75,000 exclusive of interests or costs.

4. This Court has personal jurisdiction over Nationwide pursuant to R.I. Gen. Laws § 9-5-33, because, among other things, Nationwide visited Rhode Island to negotiate a contract, entered into a contract that created continuous contractual obligations with CFG, a Rhode Island company, and sent a demand letter to CFG in Rhode Island alleging breach of that contract.

5. This Court has venue pursuant to 28 U.S.C. § 1391(a)(3) because Nationwide is subject to personal jurisdiction in this district pursuant to the Rhode Island Long Arm Statute, R.I. Gen. Laws § 9-5-33.

## FACTS

6. On October 15, 2004, CFG and Nationwide entered into an Acquisition Agreement in which CFG agreed to the acquisition of Real Estate Appraisal Services, Inc. by Nationwide.

7. On November 5, 2004, CFG and Nationwide entered into a Fee and Volume Agreement ("Agreement"). Paragraph One of the Agreement provided that "CFG shall, in its sole discretion, engage Nationwide to provide appraisal, title, closing and flood services."

8. On January 27, 2005, counsel for Nationwide sent CFG a demand letter claiming that CFG breached the Agreement and demanding payment under the Agreement. These claims include, but are not limited to, an allegation that CFG committed to purchase a minimum of $1,600,000 of appraisal, title, closing and flood services on a monthly basis from Nationwide and its affiliates through November 5, 2005, and seeking $993,393 from CFG for a shortfall in revenue for December 2004.

9. On February 1, 2005, Nationwide threatened "further legal intervention" if CFG did not acknowledge the alleged $1.6 million volume commitment and compensate Nationwide for any related loss.

10. The Agreement does not require CFG to purchase $1.6 million in services from Nationwide.

11. The Agreement does not make CFG the guarantor of $1.6 million in monthly revenue for Nationwide

**COUNT I**
(Declaratory Judgment)

12. CFG repeats and realleges the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. An actual controversy exists between CFG and Nationwide concerning the alleged breach of the Fee and Volume Agreement.

14. Nationwide has asserted that CFG breached the Agreement by, among other things, not purchasing a minimum of $1,600,000 of appraisal, title, closing, and flood services on a monthly basis from Nationwide and its affiliates. Nationwide has demanded immediate payment from CFG of $993,393, which Nationwide alleges was the shortfall in December 2004 from the alleged volume commitment. Nationwide also threatened "further legal intervention" if CFG does not comply with Nationwide's demand.

15. Nationwide's conduct has created a reasonable apprehension on the part of CFG that it will be faced with a lawsuit for breach of contract based on the Agreement.

16. The Agreement does not require CFG to purchase any amount of services from Nationwide, and CFG has not breached the Agreement.

17. Pursuant to 28 U.S.C. § 2201(a), CFG is therefore entitled to a declaration that CFG (1) has not breached the Fee and Volume Agreement between CFG and Nationwide, dated November 5, 2004, (2) is not obligated to engage Nationwide to provide appraisal, title, closing, and flood services; and (3) is not the guarantor of $1.6 million of monthly revenue for Nationwide.

## PRAYER FOR RELIEF

WHEREFORE, CFG respectfully requests entry of Judgment:

A. declaring that CFG has not breached the Fee and Volume Agreement between CFG and Nationwide, dated November 5, 2004;

B. declaring that CFG is not obligated to engage Nationwide to provide appraisal, title, closing, and flood services;

C. declaring that CFG is not the guarantor of $1.6 million of monthly revenue for Nationwide; and

D. awarding to CFG such other relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

CFG demands a trial by jury on all issues so triable.

CITIZENS FINANCIAL GROUP, INC.
By its attorneys

John B. Daukas (#5437)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Of counsel:

Brenda R. Sharton
Kai W. Lyman
GOODWIN PROCTER LLP

DATED: February__, 2005

LIBA/1452944.1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Citizens Financial Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Appraisal and Title Company of Ohio Inc.,<br><br>Defendant. | Civil Action No. ___________ |

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. Civ. P. 7.1(a), plaintiff Citizens Financial Group, Inc., states that: Royal Bank of Scotland Group, PLC is its only parent corporation, and that no publicly held company owns more than 10% of Royal Bank of Scotland Group, PLC's stock.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorney,

John B. Daukas (#5437)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: February 11, 2005