UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Citizens Financial Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Appraisal and Title Company of Ohio Inc.,<br><br>Defendant. | Civil Action No. CA 05 057<br><br>Judge Smith<br><br>**MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT** |

Defendant Nationwide Appraisal and Title Company respectfully moves for an order dismissing, or in the alternative staying, all claims asserted by Plaintiff Citizens Financial Group, Inc. in its declaratory judgment action. The grounds for this Motion are set forth in the Memorandum in Support, and Appendix thereto, which are filed herewith and incorporated herein.

Respectfully submitted,

Thomas W Lyons by [signature]

Thomas W. Lyons, III (RI Bar 2946)
*tlyons@straussfactor.com*
STRAUSS, FACTOR, LAING & LYONS
222 Richmond Street, Suite 208
Providence, Rhode Island 02903
(401) 456- 0700 (telephone)
(401) 421-4730 (facsimile)

4

Thomas S. Kilbane (OH Bar 0005938)
*tkilbane@ssd.com*
Steven A. Friedman (OH Bar 0060001)
*sfriedman@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114-1304
(216) 479-8500 (telephone)
(216) 479-8780 (facsimile)

Attorneys for Defendant,
Nationwide Appraisal and Title Company

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Citizens Financial Group, Inc., | ) | |
| | ) | Civil Action No. CA 05 057 |
| Plaintiff, | ) | |
| | ) | Judge Smith |
| v. | ) | |
| | ) | |
| Nationwide Appraisal and Title Company of Ohio Inc., | ) | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. INTRODUCTION

Nationwide Appraisal and Title Company ("Nationwide") hereby moves to dismiss this declaratory judgment action, which Citizens Financial Group, Inc. ("CFG") filed in anticipation of Nationwide's breach of contract action (pending in state court in Ohio) and for the sole purpose of securing a convenient forum. As the United States Supreme Court recognized, it "would be uneconomical as well as vexatious" for a federal court not to decline jurisdiction in a declaratory judgment suit where another suit is pending in state court "presenting the same issues, not governed by federal law, between the same parties." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). [1]

[1] In Wilton, London Underwriters filed a federal declaratory judgment action seeking a declaration that their insurance policies did not cover the Hill Group's liability concerning the operation of oil and gas properties. One month later, the Hill Group concurrently sued the London Underwriters for coverage in state court and moved to dismiss or stay the federal declaratory judgment action. The district court stayed the federal action, observing that the state lawsuit encompassed the same coverage issues raised in the declaratory judgment action and that a stay was warranted in order to avoid piecemeal litigation and to bar London Underwriters' attempts at forum shopping. The United States Court of Appeals for the Fifth Circuit and the United States Supreme Court affirmed.

In late 2004, CFG and Nationwide agreed to Nationwide's purchase of the assets of CFG Appraisal, Inc. f/k/a Real Estate Appraisal Services, Inc. ("REAS"), an Ohio subsidiary of CFG that performed appraisal and title services. Soon after, a dispute arose as to CFG and REAS's breaches of certain obligations to Nationwide. Nationwide attempted to settle the dispute with CFG over the course of several weeks. In the midst of settlement negotiations, CFG filed this suit, yet failed to notify Nationwide of the action through service or otherwise. CFG and Nationwide continued negotiating, but when Nationwide realized that a settlement could not be reached, it filed its own suit in the Court of Common Pleas, Cuyahoga County, Ohio ("State Action"), captioned Nationwide Appraisal and Title Co. v. Citizens Financial Group, Inc. et al., Case No. CV-05-555567 (filed February 23, 2005). Nationwide did not learn of the federal suit until over two weeks after filing its state action, when CFG finally effected service on Nationwide.

CFG's declaratory judgment action should be dismissed because it is an unnecessary, anticipatory action filed solely to gain a procedural advantage. Moreover, considerations of practicality and efficient judicial administration counsel in favor of the dismissal of this action. For these reasons, Nationwide respectfully requests that this Court exercise the broad discretion granted under the Federal Declaratory Judgment Act in dismissing, or in the alternative staying, this declaratory judgment action.

## II. BACKGROUND

### A. State Action

Nationwide sued both CFG and REAS in Cuyahoga County, Ohio, based on the following five claims:

(1) CFG's material breach of its oral contract with Nationwide to purchase from Nationwide $1.6 million in services per month from December 1, 2004 to

October 31, 2005, to reimburse Nationwide for any operating losses incurred in November, 2004, and to pay 50% of any severance costs payable to REAS's former employees up to $700,000;

(2) CFG's and REAS's material breach of the Acquisition Agreement with Nationwide requiring them to keep Nationwide advised of all material operations relating to REAS, to conduct business in the ordinary course, and for CFG to use Nationwide for its flood determination service and to refrain from designing or building a competing electronic interface to deliver value and flood determination products to CFG;

(3) CFG's material breach of the Fee and Volume Agreement requiring CFG to pay 50% of certain severance costs;

(4) CFG's misrepresentations that it would not divert business previously sent to REAS and that it would purchase $1.6 million a month from December 1, 2004 through October 31, 2005; and

(5) CFG's failure to timely pay Nationwide for services rendered.

See Ohio Complaint (Exhibit A).

### B. Federal Action

CFG brought this action ("Federal Action") against Nationwide seeking a binding declaration under the Federal Declaratory Judgment Act to the following effect:

(1) that CFG had not breached the Fee and Volume Agreement with Nationwide;

(2) that CFG is not obligated to engage Nationwide to provide appraisal, title, closing, and flood services; and

(3) that CFG is not the guarantor of $1.6 million of monthly revenue for Nationwide.

(See Federal Complaint (Exhibit B).)

## III. LAW AND ARGUMENT

### A. The Declaratory Judgment Act

The Federal Declaratory Judgment Act provided district courts with a new form of relief for use in cases where existing remedies were inadequate. It created an alternative to the stronger remedy of an injunction and a method for testing the constitutionality of state criminal statutes. See Steffel v. Thompson, 415 U.S. 452, 466 (1974) (stating purpose of Act).

Jurisdiction under the Act is discretionary; it confers discretionary jurisdiction on the court, (and not an absolute right on the parties) to "declare the rights and other legal relations of any interested party." See 28 U.S.C. § 2201(a) (stating that a court "may" declare such rights and relations); see also Wilton, 515 U.S. at 288 ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."); DeNovellis v. Shalala, 124 F.3d 298, 313 (1st Cir. 1997). This Court should exercise its broad discretion in refusing jurisdiction over this needless, anticipatory declaratory judgment action.

**B. Considerations in Exercising Jurisdiction**

CFG's request for a declaratory judgment serves no purpose other than to waste valuable judicial and party resources. CFG's declaratory judgment action is not necessary to clarify or settle the legal relations in issue, nor is it necessary to protect CFG from the uncertainty, insecurity, and controversy underlying the dispute. See, e.g., State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 n.5 (10th Cir. 1994) (recognizing factors relevant to exercising jurisdiction under the Act); Panhandle Eastern Pipe Line Co. v. Michigan Consol. Gas Co., 177 F.2d 942, 944 (6th Cir. 1949) (same); Maryland Cas. Co. v. Boyle Constr. Co., 123 F.2d 558, 565 (4th Cir. 1941) (same).

A declaratory judgment is not necessary to clarify or settle the legal relations between the parties because the State Action will completely resolve all of the issues presented in the Federal Action. The Federal Action represents a sliver of the parties' dispute; not only are all of the issues in the Federal Action subsumed in the State Action, the State Action includes additional allegations of CFG's breach of both an oral agreement and the Acquisition Agreement. If the Federal Action is allowed to proceed, the State Action will remain necessary

to completely resolve the parties' disputes as to these agreements and will require the duplicative resolution of issues presented in the Federal Action. Therefore, allowing the declaratory judgment action to proceed will thus result in the unnecessary piecemeal litigation of this dispute, and should weigh against this Court exercising jurisdiction over this action. See Employers Mutual Casualty Co., 24 F. Supp. 2d 212, 215 (D.R.I.1998); Aetna Casualty & Sur. Co. v. Kelly, 889 F. Supp. 535 540 (D.R.I. 1998) (recognizing that a federal court's interest in avoiding piecemeal litigation is a factor to be considered in declining jurisdiction over a declaratory judgment action); see also Fireman's Fund Ins. Co. v. Ignacio, 860 F.2d 353 (9th Cir. 1988); Grand Trunk W. R.R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984).

The State Action also includes Nationwide's allegations against REAS, a necessary party to the federal declaratory judgment action. Nationwide's allegations against REAS are compulsory counterclaims in the Federal Action as they arise out of the same transaction as the subject matter here.[2] See FED. R. CIV. P. 13. Indeed, REAS is a necessary party because Nationwide may be subject to inconsistent obligations should issues in the less-inclusive Federal Action be resolved differently than in the encompassing State Action. See FED. R. CIV. P. 19(a). REAS cannot, however, be joined in the Federal Action because REAS's joinder would deprive this Court of jurisdiction (REAS and Nationwide are both Ohio corporations). See id. State court resolution is necessary to settle this dispute consistently and in its entirety.

This is not a case where CFG was left uncertain as to whether litigation may ensue and a declaratory judgment became necessary to establish CFG's obligations under the Fee and Volume Agreement. Unlike a patent dispute where, absent a declaratory judgment action, a

[2] This motion tolls the time period for Nationwide to move, plead, or otherwise respond to CFG's Complaint. See Intravascular Research Ltd. v. Endosonics Corp., 994 F. Supp. 564, 567 (D. Del. 1998).

manufacturer's doubts as to its rights against a patent holder to produce a product can damage the product's value, here, a discrete contractual dispute exists. See Nortek, Inc. v. Molnar, 36 F. Supp. 2d 63, 70 (D.R.I. 1999). This contractual dispute is not time-sensitive and CFG would have lost no rights in waiting for Nationwide to file suit.

Furthermore, Nationwide acted diligently in attempting to resolve this dispute with CFG. On January 27, 2005, counsel for Nationwide notified CFG of CFG's purchasing deficiencies and requested a correction of the shortfall. Over the next two weeks, CFG and Nationwide exchanged numerous e-mails and letters regarding CFG's obligations as to this shortfall. On February 10, 2005, counsel for CFG wrote to Nationwide elaborating on its position that it did not guarantee the purchase of $1.6 million in services each month from Nationwide. This letter concludes by stating "I encourage Nationwide to take a closer look at the terms of the Agreement and to reconsider its demand that CFG guarantee the purchase of $1,600,000 in services each month from Nationwide." Instead of waiting for Nationwide to respond and further explain the basis of its demand, CFG filed this declaratory judgment action the next day.

CFG's waiting to serve Nationwide until after Nationwide filed its own suit belies any argument that CFG filed this suit to resolve uncertainty in its legal relationship with Nationwide.[3] It is apparent from this conduct that CFG did not seek a declaratory judgment because it was left uncertain as to its obligations; CFG filed this suit simply because Rhode Island would be more convenient to it and less convenient to Nationwide. These are not the reasons why Congress provided for declaratory judgment actions. See Nortek, 36 F. Supp. 2d at 70 (in which then-Chief Judge Lagueux declined jurisdiction over declaratory judgment action involving contract dispute because the action was not to protect the party's rights, but to

[3] In contrast, Nationwide provided a courtesy copy of its Complaint to CFG; it was only after receipt thereof that CFG directed service of the declaratory judgment complaint.

gain practical advantages of litigating in Rhode Island). In cases such as this, where a party files a declaratory judgment action in anticipation of another proceeding, courts routinely refuse to exercise jurisdiction over the declaratory judgment action. See, e.g. United States v. City of Las Cruces, 289 F.3d 1170 (10th Cir. 2002); Odeco Oil & Gas Co., Drilling Div. v. Bonnette, 4 F.3d 401 (5th Cir. 1993); Ven-Fuel, Inc. v. Dep't. of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982); Shell Oil Co. v. Frusetta, 290 F.2d 689, 692 (9th Cir. 1961).

This Court's refusal to exercise jurisdiction over this dispute will have the practical benefit of allowing this case to proceed in Ohio, the most appropriate venue for resolution of this dispute. The facts underlying the parties' dispute involve the asset purchase by Nationwide, an Ohio corporation, of REAS, another Ohio corporation. (See Ohio Complaint (Exhibit A).) The asset purchased, most witnesses, and many of the relevant documents are located in Ohio, and the dispute is governed by Ohio law. In contrast, Rhode Island has only a tangential connection to this dispute at best. Considerations of wise judicial administration and practicality thus weigh against this Court's exercise of jurisdiction over this dispute.

In addition, because this action was brought under the Declaratory Judgment Act, the fact that it was filed prior to the State Action is not significant. Indeed, as explained in the leading treatise: "[The Supreme Court's decision in] Wilton thus makes clear that the real question for the court is not which action was commenced first but which will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: Civil 3d 10B § 2758, at 530-31 (1998).

## IV. CONCLUSION

Allowing CFG, a potential defendant, to make a procedural preemptive strike robs Nationwide, the natural plaintiff, of its ability to select its forum. Prohibiting such "races to the courthouse" will encourage settlement and discourage costly duplicate litigation. Because considerations of practicality and wise judicial administration militate against proceeding with this duplicitous declaratory judgment action, we respectfully request that this Court dismiss, or in the alternative stay, all claims asserted in Plaintiff's Complaint for Declaratory Judgment.

Respectfully submitted,

Thomas W Lyons by

Thomas W. Lyons, III (RI Bar 2946)
*tlyons@straussfactor.com*
STRAUSS, FACTOR, LAING & LYONS
222 Richmond Street, Suite 208
Providence, Rhode Island 02903
(401) 456- 0700 (telephone)
(401) 421-4730 (facsimile)

Thomas S. Kilbane (OH Bar 0005938)
*tkilbane@ssd.com*
Steven A. Friedman (OH Bar 0060001)
*sfriedman@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114-1304
(216) 479-8500 (telephone)
(216) 479-8780 (facsimile)

Attorneys for Defendant,
Nationwide Appraisal and Title Company

**CERTIFICATE OF SERVICE**

A copy of the foregoing Motion to Dismiss, or in the Alternative Stay, Plaintiff's Complaint for Declaratory Judgment, with Memorandum in Support, was served by U.S. mail this 29th day of March, 2005 upon John B. Daukas, Esq., Goodwin Procter LLP, Exchange Place, 53 State Street, Boston, Massachusetts 02109.

Thomas W Lyons by [signature]

One of the Attorneys for Defendant
Nationwide Title and Appraisal Company